UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ROBERT VERNON FRAZIER,

             Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

             Defendant.

No. CV- 13-270-JPH

ORDER GRANTING
DEFENDANT'S MOTION  FOR
SUMMARY JUDGMENT

BEFORE THE COURT are cross-motions for summary judgment. ECF Nos. 15 and 17. The parties have consented to proceed before a magistrate judge. ECF No. 9. After reviewing the administrative record and the parties' briefs, the court **grants** defendant's motion for summary judgment, **ECF No. 17**.

**JURISDICTION**

Frazier applied for disability insurance benefits (DIB) on August 16, 2010 (Tr. 230-36) , and for supplemental security income (SSI) benefits on October 18, 2010 (Tr. 224-29). He alleged onset as of August 1, 2005. Benefits were denied initially (Tr. 155-58, 160-63) and on reconsideration (Tr. 165-182). ALJ Gene Duncan held a hearing March 28, 2012 (Tr. 39-94) and issued an unfavorable

ORDER - 1

decision on date April 12, 2012 (Tr. 15-25). The Appeals Council denied review on May 24, 2013  (Tr. 1-5). The matter is now before the Court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 25, 2013. ECF Nos. 1 and 5.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and as necessary to explain the court's decision.

Frazier was 42 years old at onset and 48 at the hearing. He graduated from high school with honors and has worked as an automotive parts sales person, caregiver and telemarketer. He alleges disability based on degenerative disc disease (DDD), hypothyroidism, chronic pain, depression and cognitive limitations. He last drank a few weeks or a month before the hearing. Two days before the hearing he smoked marijuana. He was not receiving mental health or medical treatment and took ibuprofen periodically for pain (Tr. 41-42, 46-47, 60, 64, 82-83, 97, 257-58, 665, 832). On appeal Frazier alleges the ALJ should have found he is more limited.

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable

ORDER - 2

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process or determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments

ORDER - 3

acknowledged by the Commissioner to be so severe as to preclude substantial

gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R.

§404 Subpt. P App. 1. If the impairment meets or equals one of the listed

impairments, plaintiff is conclusively presumed to be disabled. If the impairment is

not one conclusively presumed to be disabling, the evaluation proceeds to the

fourth step, which determines whether the impairment prevents plaintiff from

performing work which was performed in the past. If a plaintiff is able to perform

previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§

404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity

(RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and

final step in the process determines whether plaintiff is able to perform other work

in the national economy in view of plaintiff's residual functional capacity, age,

education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

   The initial burden of proof rests upon plaintiff to establish a *prima facie* case

of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.

1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is

met once plaintiff establishes that a physical or mental impairment prevents the

performance of previous work. The burden then shifts, at step five, to the

Commissioner to show that (1) plaintiff can perform other substantial gainful

ORDER - 4

1   activity and (2) a "significant number of jobs exist in the national economy" which

2   plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

3                                **STANDARD OF REVIEW**

4        Congress  has provided a limited scope of judicial review of a

     Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the
5
     Commissioner's decision, made through an ALJ, when the determination is not
6
     based on legal error and is supported by substantial evidence. *See Jones v. Heckler*,
7
     760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.
8
     1999). "The [Commissioner's] determination that a plaintiff is not disabled will be
9
     upheld if the findings of fact are supported by substantial evidence." *Delgado v.*
10
     *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial
11
     evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,
12
     1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*,
13
     888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence
14
     as a reasonable mind might accept as adequate to support a conclusion."
15
     *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch
16
     inferences and conclusions as the [Commissioner] may reasonably draw from the
17
     evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir.
18
     1965). On review, the Court considers the record as a whole, not just the evidence
19
     supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20,

ORDER - 5

22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Duncan found Frazier was insured through March 31, 2007 (Tr. 15, 17). At step one the ALJ found Frazier did not work at SGA levels after onset August 1, 2005 (Tr. 17). At steps two and three, he found Frazier suffers from lumbar spine spondylosis, borderline personality disorder, depression and substance abuse, impairments that are severe but do not meet or medically equal a listed impairment (Tr. 18). The ALJ found Frazier less than fully credible (Tr. 20-21). He found Frazier can perform a range of sedentary to light work (Tr. 20). At step four, the

ALJ found Frazier can perform his past work as a telemarketer (Tr. 25). The ALJ concluded Frazier was not disabled from onset through date of the decision (Tr. 25).

## ISSUES

Frazier alleges the ALJ failed to properly weigh the opinions of several professionals and erred at step four. ECF No. 15 at 13-19. The Commissioner responds that the ALJ applied the correct legal standards and the decision is supported by substantial evidence. She asks the court to affirm. ECF No. 17 at 1-2.

## DISCUSSION

*A. Credibility*

Frazier does not challenge the ALJ's credibility assessment, making it a verity on appeal. *Carmickle v. Comm'r of Soc. Sec. Admin*., 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008). He challenges the weight the ALJ gave several opinions. ECF No. 15 at 13-19.

To aid in weighing the conflicting medical evidence, the ALJ evaluated Frazier's credibility. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).  It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039

ORDER - 7

(9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reason for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ's reasons are clear and convincing.

The ALJ notes Frazier has failed to comply with medical treatment, without adequate explanation. He left the ER against medical advice. He missed an entire month of appointments. Treatment for hypothyroidism has been limited and Frazier has been persistently noncompliant with treatment for the condition, including taking medication. Activities of laundry, cooking, housework, grocery shopping, and driving during the relevant timeframe are inconsistent with allegedly disabling limitations. Other activities have included working and volunteering (Tr. 18, 20-22, 274-76, 358, 363, 376, 381, 475-78, 504, 517, 545, 505, 559, 653-54, 657-59, 660, 662, 665, 689, 693, 881, 889, 891). The ALJ also notes (1) Frazier's complaints are not reasonably consistent with objective medical evidence; (2) substance abuse has significantly contributed to Frazier's overall condition and (3) secondary gain issues may be present. Dr. Young noted no physical limitations. Coagulopathy was felt to be related to chronic alcoholism. Frazier described his mood to Dr. Quackenbush as "I fake it real well." He noted frustration with the

ORDER - 8

loss of his welfare funds, and the present need to look for other support or "find a job," which would require that he lie about his back problems (Tr. 21, 359, 373, 375-77, 379, 385, 387-88, 394, 430-31, 434, 493, 505, 538, 564, 569-70, 573, 577, 582, 591, 613, 623, 626, 629, 638, 652, 664-65, 691, 695, 827, 834, 868, 878).

Even if the ALJ improperly relied on a possible secondary gain motive, the error is harmless because the ALJ's remaining reasons are clear, convincing and supported by the record. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (internal citations omitted)(error that does not negate the overall the validity of the ALJ's ultimate credibility determination and that determination is supported by substantial evidence supporting the conclusion, is harmless); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005)(daily activities and lack of consistent treatment are properly considered); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002)(proper factors include inconsistencies in claimant's statements and inconsistencies between statements and conduct).

## B. Weighing opinion evidence

Frazier alleges the ALJ should have given more credit to the February 2011 opinion of examining psychologist Robert Quackenbush, Ph.D. He alleges the ALJ erred when he rejected part of this opinion as based on subjective complaints. ECF No. 15 at 13, referring to Tr. 23, 832-36. The Commissioner responds that Dr. Quackenbush's observations were not based on objective evidence of Frazier's

ORDER - 9

pain, as plaintiff alleges, but on behavior entirely within Frazier's control. The ALJ was therefore entitled to give these observations the same degree of credibility he gave Frazier – a diminished amount. ECF No. 17 at 2-5.

The Commissioner is correct.

A physician's opinion that is premised on Plaintiff's subjective complaints and testing within Plaintiff's control is properly given the same weight as Plaintiff's own credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ notes testing showed no marked problems with concentration, persistence or pace, memory appeared intact and intelligence was average (Tr. 23). The ALJ credited this part of the opinion. He rejected assessed lapses in concentration due to pain, in part because this behavior was within Frazier's control, but also because it was contradicted by Dr. Young's opinion, as discussed below. Dr. Young examined Frazier a week before Dr. Quackenbush's psychological evaluation. As a medical doctor, Young's opinion was entitled to greater weight than the psychologist's with respect to pain. The opinions of a specialist about medical issues related to his or her area of specialization are given more weight than the opinions of a nonspecialist. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); s*ee also Bunnell v. Sullivan,* 912 F.2d 1149, 1153 (9th Cir.1990), *aff'd on reh'g,* 947 F.2d 341 (9th Cir.1991) (en banc). Both reasons are specific, legitimate and supported by substantial evidence.

ORDER - 10

Frazier alleges the ALJ should have found hypothyroidism a severe impairment at step two, particularly when the ME opined hypothyroidism caused fatigue. ECF No. 15 at 15, referring to Tr. 18, 20, 50. The ALJ notes Frazier's treatment for this condition was sporadic and he was frequently noncompliant with thyroid treatment, without explanation (Tr. 18). Ken Young, D.O., examined Frazier February 10, 2011. He reviewed MRI results and treatment records. Dr. Young opined Frazier had no physical limitations (Tr. 23, 824-27). Frazier testified that, according to his doctors, his thyroid condition was under control with medication (Tr. 76). The ALJ properly found this condition did not significantly limit Frazier's ability to perform basic work activities (Tr. 18, 21), as required to find an impairment severe at step two. *See Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001) . Frazier's persistent unexplained noncompliance with treatment further supports finding the impairment nonsevere.

Moreover, as the Commissioner accurately observes, any error at step two is harmless here because Frazier fails to identify any more restrictive limitations caused by fatigue that the ALJ should have included. ECF No. 17 at 9. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)(error at step two harmless when ALJ considers limitations caused by nonsevere impairments).

Next, Frazier alleges the ALJ failed to properly credit a vocational rehabilitation report that opined he would need extra rest periods, assistance with

interactions with others and encouragement/positive feedback. ECF No. 15 at 15, referring to Tr. 20, 302-03. The ALJ notes Frazier successfully completed his work at the Goodwill and made adjustments when directed. The report also says it "appeared that Robert did not need extra rest periods" (Tr. 22, referring to Tr. 299-303). The ALJ limited Frazier's interactions with others and included the requirement of a tolerant supervisor, consistent with the report (Tr. 20). It is the ALJ's province to resolve ambiguity in the record, such as the opinions Frazier does and does not need rest periods. Although Frazier alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Frazier alleges the ALJ "failed to account for the severity of Mr. Frazier's lapses in concentration and his inability to follow instructions." ECF No. 15 at 15-18, citing Tr. 20, 299-302, 314, 319, 328, 627, 669, 835-36, 887, 892, 894, 898. This recasts the same allegation that the ALJ failed to properly weigh the evidence.

Frazier alleges the ALJ should have adopted the March 2011 opinion of examining psychologist Rita Flanagan, Ph.D., that he has moderate limitations in concentration, persistence and pace. She opined it would be difficult for him to carry out more complex tasks requiring prolonged sustained attention. ECF No. 15 at 18. The Commissioner responds that the ALJ properly weighed and translated

ORDER - 12

Dr. Flanagan's opinion. ECF No. 17 at 7, 12.

The ALJ notes Dr. Flanagan assessed mild social limitations, no more than moderate limitations with respect to pace, and tasks were limited to simple (Tr. 24). The testifying psychologist, Kent Layton, Psy.D., reviewed the entire record and opined Frazier has only mild cognitive limitations when alcohol is excluded (Tr. 24, referring in part to Ex. 10B).

The assessed RFC is consistent overall with Dr. Flanagan and the testifying psychologist's opinion. The ALJ assessed the following mental limitations:

"The claimant needs a tolerant supervisor, who provides hands on training for changes in the work setting. The claimant is limited to superficial face to face public contact. The claimant must work independently and not in coordination with co-workers. The claimant is limited from intense interaction with others. The claimant cannot have direct access to drugs and/or alcohol. The claimant cannot perform security work. The claimant cannot be in charge of the safety of others. The claimant would be off track 5.5% of the workday, in one to two minute increments. The claimant cannot work with a fast paced production rate. The claimant should work with objective goals, not quotas. The claimant would be off work four hours per [month] for medical treatment." Tr. 20; 52-59, 85-89.

The ALJ translated pace and mental limitations into the available concrete limitations. The RFC is consistent with restrictions identified in the medical

testimony. There was no error. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008).

*C. Step four*

Last, Frazier alleges the ALJ failed to properly compare his RFC with the specific demands of his past job as a telemarketer. ECF No. 15 at 18-19. The Commissioner responds that the ALJ properly relied on the testimony of the vocational expert and Frazier's description of the job to determine how it is generally and was actually performed. There was no error. Alternatively, the Commissioner responds that Frazier fails to show any prejudice at step four. ECF No. 17 at 13-14.

The Commissioner is correct.

The ALJ asked the VE if someone with Frazier's limitations would be able to perform work as a telemarketer (Tr. 86-93). The VE opined this past job was sedentary with an SVP of 3 (Tr. 84-85, 90). Frazier described the job as sitting all day with the option to stand, with occasional contact with his supervisor (Tr. 45-46, 93). Interestingly, Frazier described this job as lasting one year (Tr. 890) but testified it lasted one and a half to two months (Tr. 45).

The ALJ properly relied on the testimony when he found Frazier can perform this work.

The ALJ's reasons for rejecting more dire limitations are specific, legitimate

and supported by substantial evidence. The ALJ assessed an RFC that is consistent

with the record as a whole. There was no harmful error.

**CONCLUSION**

After review the Court finds the ALJ's decision is supported by substantial

evidence and free of legal error.

**IT IS ORDERED**:

1. Defendant's motion for summary judgment, **ECF No. 17**, is **granted.**

2. Plaintiff's motion for summary judgment, ECF No. 15, is denied.

The District Executive is directed to file this Order, provide copies to

counsel, enter judgment in favor of defendant, and **CLOSE** the file.

DATED this 11th day of March, 2014.

<u>*s/James P. Hutton*</u>

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE

ORDER - 15